UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN WHITAKER,<br><br>        Plaintiff,<br><br>    v.<br><br>KALED MORSEY,<br><br>        Defendant. | Case No. 21-cv-03263-RS<br><br>**ORDER TO SHOW CAUSE** |

      The complaint was filed on May 3, 2021. Under the initial scheduling order, Dkt. No. 5, the deadline to hold the joint site inspect of premises was on August 27, 2021, with the deadline for Plaintiff to file a Notice of Need for Mediation 42 days after that date. Plaintiff has failed to comply with this deadline or notify the Court of a settlement. Plaintiff shall show cause by May 10, 2022 why the matter should not be dismissed for lack of prosecution. If there is no response to this order, the case will be dismissed without further notice.

      The Court also notes concerns about whether subject matter jurisdiction exists in this case. Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). In a recently filed complaint, the San Francisco and Los Angeles District Attorneys detail serious allegations regarding the conduct of the Potter Handy firm and its clients, including concerning whether its clients actually visit each establishment sued. *See* Complaint, *People of the State of California v. Potter Handy LLP*, No. CGC-22-599079 (Cal. Super. Ct. 2022), 2022 WL

1102496. In his answer, pro se Defendant Kaled Morsey states his business was closed due to the COVID-19 pandemic at the time Plaintiff alleges he visited the establishment. Should Plaintiff proceed with this lawsuit, the Court will seek to determine whether subject matter jurisdiction exists in this case.

**IT IS SO ORDERED**.

Dated: April 26, 2022

_____
RICHARD SEEBORG
Chief United States District Judge